## NATHAN BLOOD, Administrator, *vs.* ELIZA WHITE, Administratrix.

One of six part owners of a vessel, which, for convenience, was registered in the names of two of the others, cannot maintain a bill in equity against the register owners, for such part owner's share of a sum of money awarded and paid to them, under a treaty with the Neapolitan government, as an indemnity for the capture of the vessel; the remedy in such case being plain and adequate at common law, in an action for money had and received.

THIS was a bill in equity, in which the plaintiff alleged, that his intestate was a part owner with the defendant's intestate of a vessel which was captured by the Neapolitan government ; that the vessel was owned by six, but, for convenience, was registered in the names of two only ; that the plaintiff's intestate owned one sixth, but his name did not appear in the register; that a sum of money was subsequently awarded by way of indemnity for the capture, under a treaty with the Neapolitan government; and that the same was awarded and paid to the register owners, of whom the defendant's intestate was one.

The defendant demurred to the bill.

The case was argued in writing, by *E. Dexter*, for the defendant, and by *J. M. Bell*, (with whom was *R. Choate*,) for the plaintiff.

SHAW, C. J. We do not see how this case can be distinguished from that of *Law* v. *Thorndike*, 20 Pick. 318. If the facts set forth in the bill are true, then the plaintiff has a plain and adequate remedy at common law, in an action for money had and received. In that case, it appeared, that though the vessel was registered in the names of both, the award was made to one. But the opinion of the court plainly intimates, that if the award, as a judgment, could have any influence in settling the rights of these parties, a law, as between themselves, it must have the same in equity. But the ground taken there was, that, although there had been a partnership, or part ownership, and it was at an end by the destruction or entire alienation of the common property,

and the proceeds were held by one, he held the money to
the use of himself and his co-tenant; and when a sum of
money is thus held, the amount liquidated and the propor-
tion settled, and nothing remains but the duty to pay a defi-
nite sum of money, the law implies a promise, on which an
action will lie. So, when, as in this case, the legal owner-
ship is vested in two, in trust, and for the benefit of other
part owners, and a sum of money is received for the proceeds,
assumpsit for money had and received is a plain remedy at
law.        *Judgment for the defendant on the demurrer.*